506 P.2d 334

**CITY OF CARLSBAD, New Mexico, Plaintiff-Appellant,**

v.

**Darrell Desmond RYAN, Defendant-Appellee.**

**No. 9550.**

Supreme Court of New Mexico.

Feb. 16, 1973.

Blenden, McCormick & Norrid, Carlsbad, for appellant.

Leonard T. May, Carlsbad, for appellee.

OPINION

STEPHENSON, Justice.

Mr. Ryan was charged with a violation of § 12–6–12.1 of the Carlsbad City Ordinances which provides:

"No person, who is under the influence of intoxicating liquor, shall drive or be in actual physical control of any vehicle within this municipality."

He was found guilty in municipal court and appealed to the district court. A trial de novo to the court was had and the defendant was found not guilty. The city appeals pursuant to § 38–1–14, N.M.S.A. 1953.

The trial court naturally made neither findings of fact nor conclusions of law. The judgment simply found Mr. Ryan "not guilty as charged."

The briefs do not touch upon the classification of the charge as being civil, quasi-criminal or criminal, and the city's right to appeal is not questioned. These matters play no part in our decision.

The city divides its argument into three points which are:

"POINT NO. 1:

THE TRIAL COURT ERRED IN FINDING THE DEFENDANT NOT GUILTY UPON THE THEORY THAT THE ORDINANCE UNCON-STITUTIONALLY EXTENDED PO-LICE POWERS TO PRIVATE PROP-ERTY . . .

"POINT NO. 2:

THE TRIAL COURT ERRED IN FINDING THE DEFENDANT NOT GUILTY UPON THE THEORY THAT NO PROSECUTION WIT-NESS SAW THE DEFENDANT'S VEHICLE IN MOTION . . .

"POINT NO. 3:

THE TRIAL COURT ERRED IN FINDING THE DEFENDANT NOT GUILTY UPON THE THEORY THAT THE STATE STATUTES AMENDING THE DWI STATUTE ARE UNCONSTITUTIONAL BE-CAUSE THE TITLE OF THE ORIG-INAL ACT OF 1953 REFERS ONLY TO TRAFFIC ON HIGHWAYS . . ."

■ These points are addressed to various defenses raised by Mr. Ryan during the trial. Absent findings or conclusions which delineate the basis of the court's ruling with specificity, how are we to know if error was committed in respect to any particular point?

Actually, the court may have based its decision upon the facts rather than any of the constitutional issues argued. For example, the evidence indicates that Mr. Ryan was found in a pickup truck parked off the highway near a filling station. He was sitting behind the steering wheel, turning it back and forth as though driving, in a condition that could be charitably described as under the influence. The parking lights were on. The motor was not running. It was not shown how the pickup came to be where it was, who it belonged to, whether it was in running condition, whether the keys were in the ignition or whether Mr. Ryan even had them.

A colloquy between the court and counsel indicates the trial court's concern with these facts. The court may have felt that, as a matter of law, the vehicle must have been in motion in order for the ordinance to apply, or on the other hand, may have considered the evidence insufficient to show actual control as a matter of fact.

■ Were we to grant relief to the city, we would, in effect, have conducted a second trial de novo on the merits rather than an orderly appellate process designed to correct specific errors of law. With nothing to refer to other than the judgment and the evidence, we could only reverse if we were of the opinion that Mr. Ryan was guilty as charged beyond a reasonable doubt as a matter of law. This we decline to do.

The judgment is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.